IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**JOHN B. GOOLSBY,**

       **Petitioner,**

v.                                              **Civil Action No.: 3:21-CV-156**
                                                  **(GROH)**

**R.M. WOLFE, WARDEN,**

       **Respondent.**

## REPORT AND RECOMMENDATION

### I.  INTRODUCTION

On September 30, 2021, the pro se Petitioner filed an Application for Habeas Corpus pursuant to 28 U.S.C. § 2241.  ECF No. 1.[1]  Petitioner is a federal inmate housed at FCI Gilmer who challenges the validity of his conviction imposed in the United States District Court for the Western District of Virginia.  Id.

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2.  For the reasons set forth below, the undersigned recommends that the Petition be denied and dismissed without prejudice for lack of jurisdiction.

---

[1] CM/ECF references designated "ECF No. 1" are to the instant civil action, 3:21-CV-156 in the Northern District of West Virginia, unless otherwise noted.

## II.     FACTUAL AND PROCEDURAL HISTORY

### A.     Conviction and Sentence in the Western District of Virginia.[2]

On June 22, 2017, a grand jury indicted Petitioner on three counts of drug trafficking and firearm offenses. ECF No. 3. On October 31, 2017, Petitioner entered a plea of guilty to conspiracy to distribute 50 grams or more of a mixture of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1), a lesser included offense of that charged in Count One, and possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c), as charged in Count Three.[3] ECF Nos. 55 at 1-2, 56, 81 at 1. On April 19, 2018,[4] Petitioner was sentenced to a term of 76 months for Count One and a consecutive term of 60 months for Count Three. ECF No. 80.

### B.     Direct Appeal

A review of the docket and PACER reveals that Petitioner did not file a direct appeal. Further, as a term of his plea agreement, Petitioner waived his right to appeal or collaterally attack his conviction or sentence. ECF No. 55 at 9.

---

[2] Throughout sections II.A., II.B. and II.C. all ECF numbers refer to entries in the docket of Criminal Action No. 6:17-CR-5 from the Western District of Virginia, available on PACER. See Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing /the contents of court records.'").

[3] The undersigned notes that in the plea agreement, Count Three reads "possession of a firearm in furtherance of a drug trafficking crime and using and carrying a firearm in furtherance of a drug trafficking crime." ECF No. 55 at 1-2. However, the Grand Jury indicted Petitioner with "knowingly possessing a firearm in furtherance of a drug trafficking crime," and the Judgment entered by the district court tracks the indictment, listing "possessing a firearm in furtherance of a drug trafficking crime," as the nature of the offense for Count Three. ECF Nos. 3 at 2, 81 at 1. All three violations, regardless of how they are titled, are of 18 U.S.C. § 924(c).

[4] Petitioner's sentence was imposed on April 19, 2018, but the judgment was entered by the court and filed by the clerk on April 20, 2018. ECF No. 81.

### C. Post-Conviction Motions

On November 28, 2018, Petitioner filed a Motion to Vacate pursuant to 28 U.S.C. § 2255. ECF No. 88. On December 29, 2021, the district court, by memorandum opinion and separate order, denied Petitioner's Motion. ECF Nos. 105, 106.

### D. Claims in the Instant § 2241 Petition

Petitioner filed his § 2241 petition on September 30, 2021, and asserts a single ground for relief. ECF No. 1 at 1, 5. Petitioner claims that there is an insufficient factual basis for his conviction under 18 U.S.C. § 924(c). Id. at 5-6. Petitioner argues that because the firearms in question were found in his vehicle, rather than on his person, he was improperly charged under § 924(c). Id. Further, Petitioner argues that the firearms were unnecessary to safeguard a small quantity, 8.8 grams of methamphetamine, and that mere proximity of firearms and drugs did not create a nexus significant to support the charge under § 924(c). Id.

For relief, Petitioner requests that this Court grant him an evidentiary hearing to resolve the issue relating to his conviction, and any other relief that the Court finds just and appropriate. Id. at 9.

### III. LEGAL STANDARDS

### A. Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and

3

any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B.     Pro Se Litigants

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in Neitzke recognized that:

> Section 1915(d)[5] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

Id. at 327.

---

[5] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."  As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

## IV. ANALYSIS

Petitioner asserts a single ground for relief and claims that he was illegally convicted under 18 U.S.C. § 924(c) because the firearms[6] found in his vehicle were not carried on his person, and the methamphetamine he possessed was for personal use and not distribution. ECF No. 1 at 5-6.

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Fontanez v. O'Brien, 807 F.3d 84, 85 (4th Cir. 2015). In a § 2241 petition, a prisoner may seek relief from such things as the administration of his parole, computation of good time or jail time credits, prison disciplinary actions, the type of detention, and prison conditions in the facility where incarcerated. Id.; see also Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction and/or his sentence under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective

---

[6] Although Count Three of the indictment clearly states that Petitioner possessed "certain firearms" in the plural, and the forfeiture portions of both the indictment and plea agreement identify three specific firearms, only a single firearm, a "Jiminez Semi-Automatic 9MM Handgun, Model J.A. Nine" was specifically identified in Count Three. W.D.Va. 6:17-CR-5, ECF No. 3 at 2.

merely because relief has become unavailable under § 2255 because of (1) a limitation bar,[7] (2) the prohibition against successive petitions, or (3) a procedural bar due to failure to raise the issue on direct appeal. In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[8] and the standard is an exacting one. The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause. Which test is to be applied depends on whether the petitioner is challenging the legality of his conviction or the legality of his sentence. See United States v. Wheeler, 886 F.3d 415, 428 (4th Cir. 2018); In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000). When a petitioner is challenging the legality of his conviction, § 2255 is deemed to be "inadequate or ineffective" only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and

---

[7] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:
    a.    The date on which the judgment of conviction becomes final;
    b.    The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    c.    The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    d.    The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2255(f).

[8] This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

>   (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333–34.

When a petitioner is challenging the legality of his <u>sentence</u>, § 2255 is deemed to be "inadequate or ineffective" only when all <u>four</u> of the following conditions are satisfied:

>   (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
>   (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
>   (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
>   (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

<u>Wheeler</u>, 886 F.3d at 429. The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in <u>Wheeler</u>. <u>Id.</u> Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the <u>Jones</u> test (if challenging the legality of his conviction) or the <u>Wheeler</u> test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims. See <u>Wheeler</u>, 886 F.3d at 423–26.

Petitioner's only ground for relief is that he was illegally convicted under 18 U.S.C. § 924(c) because the firearms which police found in his vehicle were not carried on his person, and further that there was no nexus between the methamphetamine in his car and the firearms. ECF No. 1 at 5-6. Because Petitioner's direct appeal rights have

7

expired and Petitioner has already filed one unsuccessful § 2255, he may seek leave to file a successive § 2255 under § 2255(h)(2) or he can file a § 2241 relying on the § 2255(e) savings clause.

Because Petitioner's argument does not rely on newly discovered evidence or a new rule of constitutional law that has been made retroactive, relief under 28 U.S.C. § 2255(h) is inappropriate. Id. Therefore, in order for Petitioner to obtain relief under § 2241, he must rely on the § 2255(e) savings clause. Because Petitioner is challenging his conviction in a § 2241 petition, he must meet all three prongs of the Jones test for this Court to have jurisdiction to consider his challenge on the merits. See Wheeler, 886 F.3d at 423–26.

In this case, even if Petitioner meets the first and third prongs of the Jones test, he cannot meet the second prong. Subsequent to Petitioner's direct appeal and first § 2255 motion, the substantive law related to the conduct for which Petitioner was convicted has not changed so that that conduct is no longer deemed to be criminal. The crime Petitioner was convicted of, 18 U.S.C. § 924(c), is still a violation of law. Petitioner admitted to police that he owned the firearms found in his vehicle, including the "Jiminez Arms model JA Nine pistol" specifically identified in the indictment, he admitted that they were for protection, and all the firearms were found near methamphetamine that Petitioner admitted was part of his regular drug dealing activities.[9] W.D. Va. 6:17-CR-5, ECF No. 95 at 10-11.

---

[9] During the plea colloquy, the Government presented a factual basis and proffered that Petitioner, who was pulled over for a suspected DUI, admitted to police that the 8.8 grams of methamphetamine found in his car was for distribution, and that dating back to 2013, he would regularly purchase between 500 and 1500 grams of methamphetamine for the purpose of redistribution. W.D.Va. 6:17-CR-5, ECF No. 95 at 10-11. Petitioner and his counsel did not dispute the factual basis presented by the Government during the plea colloquy. Id. at 11-12.

Thus, Petitioner cannot satisfy the second prong of Jones. Accordingly, because Petitioner cannot satisfy the savings clause of § 2255(e) under Jones, his challenge to his conviction may not be considered under § 2241, and this Court is without jurisdiction to consider his petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 93-103 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## V.     RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition [ECF No. 1] be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

The Petitioner shall have **fourteen (14) days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: 7-20-2022

*/s/ Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE